**Affirmed and Memorandum Opinion filed July 20, 2017.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-16-00109-CR

---

**RUFINO SANDOVAL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1350077**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Rufino Sandoval of one count of aggravated sexual assault of a child under fourteen years of age. Appellant contends that the trial court erred by denying his request for a lesser-included instruction on indecency with a child. We affirm.

# I.    BACKGROUND

The State indicted appellant for committing aggravated sexual assault against his daughter by placing his sexual organ in her sexual organ. At trial, his daughter testified that when she was ten years old, appellant raped her. He put his penis into her vagina.

In addition to giving this penetration testimony, the complainant also testified that on prior occasions, appellant had performed other sexual acts on her. The complainant told her mother (appellant's ex-wife) about the abuse when the complainant was in high school.

At appellant's trial, two of appellant's female family members (an ex-sister-in-law and a niece) also testified that, when they were under fourteen years of age, appellant performed sexual acts on them or had them perform sexual acts on him. Each of the accusers gave detailed accounts of appellant's actions. Appellant gave a recorded statement to police, admitting that he kissed his ex-sister-in-law when she was a child. But, he said that the accusers were lying if they said he did anything else to them. He also said that he was the victim of sexual abuse when he was a child.

Appellant testified at trial that the complainant and other accusers were lying. He testified that he never had any sexual contact with any of them.

The trial court denied appellant's request for an instruction on the lesser-included offense of indecency with a child. The jury found appellant guilty of aggravated sexual assault of a child under the age of fourteen and assessed punishment at thirty years' confinement.

## II.  LESSER-INCLUDED INSTRUCTION

Appellant contends that the trial court erred by denying his requested instruction on the lesser-included offense of indecency with a child. We hold that the trial court did not err.

We apply the two-step *Rousseau* test to determine whether appellant was entitled to a lesser-included instruction. *See Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012); *see also Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993) (citing *Royster v. State*, 622 S.W.2d 442 (Tex. Crim. App. 1981)). Under the cognate-pleadings approach, indecency with a child by contact is a lesser-included offense of aggravated sexual assault of a child in this case, thus satisfying the first prong of the *Rousseau* test. *See Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009) (holding that "indecency with a child is a lesser-included offense of aggravated sexual assault of a child when both offenses are predicated on the same act"). *See generally Hall v. State*, 225 S.W.3d 524, 531–35 (Tex. Crim. App. 2007) (discussing cognate-pleadings analysis).

The parties join issue on whether the second prong of the *Rousseau* test was satisfied. Under this inquiry, a defendant is entitled to an instruction on a lesser-included offense when there is some evidence in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense. *Bullock v. State*, 509 S.W.3d 921, 925 (Tex. Crim. App. 2016); *Cavazos*, 382 S.W.3d at 383. Anything more than a scintilla of evidence is adequate, and this threshold showing is low. *Bullock*, 509 S.W.3d at 925.

The evidence must establish the lesser-included offense as a valid, rational alternative to the charged offense. *Id.* There must be affirmative evidence that raises the lesser-included offense and rebuts or negates an element of the greater offense. *Cavazos*, 382 S.W.3d at 385; *see also Bullock*, 509 S.W.3d at 925. It is not enough

3

that the jury may disbelieve crucial evidence pertaining to the greater offense. *Bullock*, 509 S.W.3d at 925 (citing *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011)). Rather, there must be some evidence directly germane to the lesser-included offense. *Id.* In reviewing the evidence, we note that the jury is permitted to believe or disbelieve any part of a witness's testimony. *See id.* at 926 (citing *Jones v. State*, 984 S.W.2d 254, 258 (Tex. Crim. App. 1998)).

In considering whether a lesser-included offense is a valid, rational alternative, we must compare the statutory requirements of the greater offense and the lesser offense to determine whether evidence exists to support a conviction for the lesser offense but not the greater offense. *See id.* at 925. The key distinction between aggravated sexual assault and indecency with a child is that aggravated sexual assault requires penetration of the female sexual organ while indecency with a child may be proved by mere touching of the child's genitals or touching of the child with the defendant's genitals. *See Evans*, 299 S.W.3d at 142 ("Hence, touching the female sexual organ with the intent to arouse or gratify sexual desire is a lesser-included species of conduct of the intentional or knowing penetration of the female sexual organ." (quoting *Ochoa v. State*, 982 S.W.2d 904, 910 (Tex. Crim. App. 1998) (Keller, J., concurring))); *compare* Tex. Penal Code § 22.021(a)(1)(B)(i), (a)(2)(B), *with* Tex. Penal Code § 21.11(a)(1), (c).

Citing an unpublished case, appellant contends that the jury could have found appellant guilty only of indecency with a child by believing and disbelieving witnesses' testimony as follows:

(1) "Disbelieved appellant's testimony that he had not engaged in any sexual misconduct with anyone."

(2) "Believed the complainant's testimony that appellant had committed acts of indecency by contact against her."

4

(3) "Believed the testimony of [appellant's niece] that appellant committed acts of indecency by contact against her."

(4) "Believed the testimony of [appellant's ex-sister-in-law] that appellant had committed acts o[f] indecency by contact with her."

(5) "Disbelieved that the complainant's allegations of sexual misconduct had not been discussed with [family members] prior to th[e] interview at the assessment center."

(6) "Disbelieved [appellant's ex-sister-in-law]'s testimony about a sexual assault since she did not make that accusation until the very moment she was testifying in this case."

(7) "Believed that the length of time between the offenses, the resulting maturity of the girls, and their conversations with other family members may have influenced their accusations against appellant."

These findings, however, would not rebut the complainant's testimony concerning penetration and would not enable the jury to rationally conclude that appellant is guilty *only* of the lesser-included offense. In *Hendrix v. State*, as an example, this court held that the defendant was not entitled to an instruction for indecency with a child by contact under the second prong of the *Rousseau* test. *See* 150 S.W.3d 839 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). The defendant pointed to medical testimony and records that indicated normal physical examinations with no evidence of penetration; a cousin's testimony that the defendant touched the children; expert testimony that children often confuse penetration with mere touching; and testimony and other statements from the children concerning incidents of sexual conduct without penetration, such as touching of their anal and genital areas. *Id.* at 851. This court reasoned that the "additional evidence cited by appellant showing that there was also inappropriate touching and masturbation does not negate or rebut the penetration element of the greater offense of aggravated sexual assault." *Id.* The medical and expert evidence was not inconsistent with penetration and did not rebut the evidence of penetration.

*See id.* Although there was evidence to support a conviction for the lesser-included offense of indecency by contact, there was no conflict raised by the evidence that would enable a rational finder of fact to conclude that the defendant was guilty *only* of the lesser included offense. *See id.*

As in *Hendrix*, evidence that appellant committed indecency with a child against the complainant and other accusers on different occasions does not rebut or negate the complainant's testimony about penetration. Under the evidence presented in this case, the other incidents of indecency, if proven, would amount to separate offenses—not lesser-included offenses of the specific aggravated sexual assault encompassed by the complainant's testimony. *Cf. Maldonado v. State*, 461 S.W.3d 144, 147, 150 n.1 (Tex. Crim. App. 2015) (holding that jeopardy did not bar prosecution for indecency with a child by contact because it was not subsumed within a conviction for sexual assault by penetration; "The indecency with a child by contact offenses cannot be considered lesser-included offenses because an indecency with a child by contact on one day is not a lesser-included offense of a sexual assault on another day.").

The only evidence rebutting the element of penetration was appellant's testimony that he had no sexual contact with the complainant. But, as appellant concedes on appeal, this testimony does not support a lesser-included instruction for indecency with a child by contact. *See, e.g.*, *Lofton v. State*, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001) ("A defendant's own testimony that he committed no offense, or testimony which otherwise shows that no offense occurred at all, is not adequate to raise the issue of a lesser-included offense.").

In sum, the record contains no evidence directly germane to the lesser-included offense that would enable the jury to find indecency with a child by contact

as a valid, rational alternative to aggravated sexual assault of a child. Appellant's sole issue is overruled.

## III.   CONCLUSION

Having overruled appellant's sole issue, we affirm the trial court's judgment.


/s/     Ken Wise
        Justice


Panel consists of Chief Justice Frost and Justices Donovan and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).