Henry Richard BULLOCK, Jr., Appellant

v.

The STATE of Texas

NO. PD–1453–15

Court of Criminal Appeals of Texas.

Delivered: December 14, 2016

Rehearing Overruled March 1, 2017

Dissenting Opinion on Denial of Rehearing March 1, 2017

Lisa McMinn, Melissa P. Hervey, for State of Texas.

Nicolas Hughes, for Richard Henry Bullock.

## OPINION

Alcala, J., delivered the opinion of the Court in which Johnson, Keasler, Richardson, and Yeary, JJ ., joined.

Henry Richard Bullock, Jr.,[1] appellant, was convicted by a jury of the offense of theft of a furniture delivery truck, a third-degree felony. In his sole ground in his petition for discretionary review, appellant contends that the court of appeals erred by upholding the trial court's decision that had declined his request for a lesser-included-offense jury instruction on attempted theft. We agree with appellant that

---

1. Appellant has noted that his name is actually Richard Bullock Henry, aka Imari Obadele. Our opinion reflects appellant's name as it was captioned by the trial court and the court of appeals.

there is more than a scintilla of evidence in the record from which a rational fact finder could have found that he was guilty only of attempted theft of the truck, rather than theft, and thus the court of appeals erred by concluding that the trial court properly declined to give the lesser-included-offense instruction. We, therefore, reverse the judgment of the court of appeals, and we remand this case to that court for it to consider in the first instance whether the trial court's failure to give a lesser-included-offense instruction on attempted theft harmed appellant.

## I. Background

One day in September 2013, appellant entered the cab of a large eighteen-wheel delivery truck that Roy Martinez and Miguel Hernandez were using to deliver furniture to an apartment. While he was inside the truck's cargo space, Martinez heard the engine start and felt it revved several times. However, the truck did not move because the air brake was engaged. Martinez went to the cab to investigate and discovered appellant. Martinez observed that appellant's hands were on the steering wheel with his foot pushing the gas and brake pedals. When confronted by Martinez, appellant jumped from the truck and ran away. Martinez and Hernandez chased after and subdued appellant until police arrived and arrested him. The State charged appellant with third-degree-felony theft of the truck, property worth at least $20,000 but not more than $100,000, enhanced by two prior felony convictions. *See* TEX. PENAL CODE § 31.03(a), (e)(5) (West 2014). Appellant pleaded not guilty.

At his trial, appellant testified that he was inside the cab of the truck, but he denied having any intent to steal the truck, pressing the gas or brake pedals, turning on the engine, or attempting to start or move the truck.[2] Appellant acknowledged that he had an intent to commit theft while he was inside the truck's cab, but claimed that he wanted to steal only small items like cash or electronics, rather than the truck itself. Appellant requested a lesser-included-offense instruction on attempted theft of the truck, but the trial court denied the request. In explaining the basis for his ruling, the trial judge stated, "And I believe your own testimony that you did not wish to steal the truck but rather to steal something else I believe precludes attempted theft also from being included in the charge. So that's denied." The jury convicted appellant of theft of the truck. Appellant was sentenced to thirty years in prison after the two punishment enhancement paragraphs were found true.

On appeal, the court of appeals upheld the trial court's ruling. *Bullock v. State,*

2. The record shows that appellant denied taking control of the truck through his claims that he did nothing but enter the truck, and, at one point, he held the steering wheel while looking for property to steal. During direct examination, appellant described his physical actions by stating that he "got up in the truck, and I was looking for something to steal." During cross-examination of appellant at trial, the State asked, "So you don't think that sitting in the driver's seat pushing the accelerator, messing with all of the buttons and trying to drive away would not be exercising any control over the truck? Yes or no?" Appellant responded, "If that's what I did, but that's not what I did." Appellant continued his explanation by stating, "I got in the truck and I was looking around. I—I never pushed on the accelerator, hit the brakes." Appellant, who represented himself at trial, cross-examined Martinez by asking, "But I had enough time to look around, hold on to the steering wheel and look for the GPS Unit, right?" Martinez responded to that question by stating, "I think."

479 S.W.3d 422, 430 (Tex. App.–Houston [14th Dist.] 2015) (substitute op., orig. op. withdrawn). It explained that appellant was not entitled to a lesser-included-offense instruction because there was "no evidence" in the record that would have allowed the jury to find appellant guilty of attempted theft "as a valid, rational alternative to the theft of the truck." *Id.* In reaching that conclusion, the majority opinion relied on appellant's denial of any intent to steal the truck and on a line of cases that had indicated that the evidence is sufficient to establish theft when a defendant is behind the wheel of a vehicle without permission, regardless of whether the vehicle could be started or moved. *Id.* One justice dissented, concluding that the relevant question is "whether any evidence from any source raises the issue." *Id.* at 431 (McCally, J., dissenting). She explained that, because the jury was free to believe some of appellant's testimony while disbelieving other parts of it, the jury could rationally have found appellant guilty only of attempted theft if it (1) believed appellant's testimony that he did not exercise control over the truck, (2) disbelieved his testimony that he never intended to steal the truck, and (3) inferred from the other evidence in the record that appellant did have the intent to commit theft of the truck. *See id.* at 431–32 (concluding that the jury "could have found appellant guilty of attempted theft because there was more than a scintilla of evidence that he (1) intended to steal the truck, (2) did an act amounting to more than mere preparation, and (3) failed to effect the commission of the offense because he failed to exercise control over the truck").

## II.  Analysis

In his petition for discretionary review, appellant argues that the dissenting opinion in the court of appeals was correct and that the majority opinion in that court erroneously applied a sufficiency-of-the-evidence standard in assessing his charge-error complaint instead of applying the established two-part test in *Hall v. State* to determine whether a lesser-included-offense instruction should be given. *See Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007). After addressing the *Hall* test and the elements of attempted theft, we examine the evidence to determine whether it meets that test.

### A.  Analysis of the Applicable Law on Lesser–Included–Offense Instructions

The two-step test for determining whether a trial court is required to give a requested instruction on a lesser-included offense is well established. We discuss that law in the context of appellant's charged offense of theft and his request for a lesser-included-offense instruction for attempted theft.

The first step is to determine whether the requested instruction pertains to an offense that is a lesser-included offense of the charged offense, which is a matter of law. *Id.* Under this first step of the test, an offense is a lesser-included offense if it is within the proof necessary to establish the offense charged. *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011); *see also* TEX. CODE CRIM. PROC. art. 37.09. In this case, the first step is easily established because, as a matter of law, an attempt to commit the charged offense, attempted theft, is a lesser-included offense of the charged offense of theft. TEX. CODE CRIM. PROC. art. 37.09(4).

The second step in the analysis asks whether there is evidence in the record that supports giving the instruction to

the jury. *Sweed*, 351 S.W.3d at 68. Under this second step, a defendant is entitled to an instruction on a lesser-included offense when there is some evidence in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense. *Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011) (citations omitted). The evidence must establish that the lesser-included offense is a valid, rational alternative to the charged offense. *Id.*

■■■■ More particularly, the second step requires examining all the evidence admitted at trial, not just the evidence presented by the defendant. *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011). The entire record is considered; a statement made by the defendant cannot be plucked out of the record and examined in a vacuum. *Enriquez v. State*, 21 S.W.3d 277, 278 (Tex. Crim. App. 2000). Anything more than a scintilla of evidence is adequate to entitle a defendant to a lesser charge. *Sweed*, 351 S.W.3d at 68. Although this threshold showing is low, it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted. *Id.* "However, we may not consider the credibility of the evidence and whether it conflicts with other evidence or is controverted." *Goad*, 354 S.W.3d at 446–47. "Accordingly, we have stated that the standard may be satisfied if some evidence refutes or negates other evidence establishing the greater offense or if the evidence presented is subject to different interpretations." *Sweed*, 351 S.W.3d at 68.

In considering whether a lesser offense is a valid, rational alternative to the charged offense, we must compare the statutory requirements between the greater offense—here, theft—and the lesser offense—here, attempted theft—to determine whether evidence exists to support a conviction for attempted theft but not theft. *Id.* A person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of the property. TEX. PENAL CODE § 31.03(a). "Appropriate" means to acquire or otherwise exercise control over property other than real property. *Id.* § 31.01(4)(B). Criminal attempt occurs when a person, with specific intent to commit an offense, does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. *Id.* § 15.01(a). Thus, to find appellant guilty only of attempted theft, a jury would be required to determine that appellant intended to steal the truck, he did an act amounting to more than mere preparation, but he failed to effect the completed theft—i.e., he failed to unlawfully appropriate the truck by failing to acquire it or otherwise exercise control over it.

**B. Analysis of Evidence Supporting Attempted Theft and Showing that a Completed Theft Had Not Occurred**

■■ The court of appeals determined that there was no evidence in the record to support a conviction only for attempted theft, and therefore, it upheld the trial court's decision to decline a lesser-included-offense instruction for attempted theft. As explained below, we conclude that there is more than a scintilla of evidence in the record from which a rational fact finder could have found that appellant committed the elements of attempted theft but not the elements of theft. Based on the totality

of the record, and by crediting only part of appellant's testimony and a part of the other evidence in the record, there was more than a scintilla of evidence from which the jury could have rationally determined that, despite his assertions to the contrary, appellant had entered the cab of the truck with the intent to steal the truck but also that he had not exercised control over it. *See Jones v. State*, 984 S.W.2d 254, 258 (Tex. Crim. App. 1998) (noting that "a jury is permitted to believe or disbelieve any part of a witness' testimony, including a defendant," because a lesser-included offense can be raised by any evidence from any source so long as a rational trier of fact could conclude from the evidence that a defendant is guilty only of that lesser-included offense).

A jury could have rationally determined that appellant was guilty only of attempted theft if (1) it believed that appellant did an act amounting to more than mere preparation to commit theft but failed to exercise control over the truck, based on his testimony that he did not press the gas or brake pedals or try to start or move the truck, (2) it disbelieved his testimony that he never intended to steal the truck, and (3) it inferred that appellant had the specific intent to commit theft of the truck based on the totality of the record, including his admission that he was inside the cab of the truck with the intent to commit theft of other items, his presence inside the cab without consent, and his flight from the truck when confronted.

With respect to the matter of appellant's intent, the court of appeals noted that appellant repeatedly asserted throughout trial that he did not intend to steal the truck. *Bullock*, 479 S.W.3d at 430. The court cited this Court's opinion in *Lofton v. State* for the proposition that, because ap-

pellant denied any intent to steal the truck, he is not entitled to an instruction on a lesser offense that requires an intent to steal. *See id.* (citing *Lofton v. State*, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001)). In *Lofton*, we stated that "a defendant's own testimony that he committed no offense, or testimony that otherwise shows that no offense occurred at all, is not adequate to raise the issue of a lesser-included offense." *Id.* However, unlike in *Lofton*, here appellant did not flatly deny that any offense had been committed. Rather, appellant admitted entering the cab of the truck without permission, and he acknowledged that he did so with criminal intent to commit theft of items other than the truck. Although it is true that a jury could have plausibly determined that appellant's entry into and flight from the truck stemmed from his intent to steal cash or electronics from the cab, it would not have been irrational for a fact finder to determine from that same evidence that appellant entered the truck's cab with the intent to steal the truck itself and then later ran due to his guilty conscience from his intent to steal the truck. Thus, the jury was faced with evidence that appellant either intended to steal cash or electronics or intended to steal the truck, and there are facts in the record that could rationally support either interpretation of the evidence. The jury here was not faced with the same evidentiary dichotomy addressed in *Lofton*, in which there were only two options—that either a crime had occurred or a crime had not occurred. Rather, here, viewing the record in its entirety, rather than viewing appellant's testimony as to his intent in isolation as the court of appeals appears to have done, there is some evidence from which a jury rationally could have concluded that appellant intended to commit theft of the truck. *See Goad*, 354 S.W.3d at 446.

The court of appeals also concluded that there was no evidence from which a fact finder could have rationally determined that appellant was guilty only of attempted theft because, even if the jury believed appellant's version of the events that all he did was sit at the wheel of the truck without permission, that fact was sufficient to establish theft under these circumstances. *See Bullock*, 479 S.W.3d at 430. In support of its conclusion, the court of appeals cited to four decisions from this Court that held that evidence was sufficient to establish theft when a vehicle was in the possession or control of a defendant, even if the vehicle had not been moved. *Id.* By relying on the reasoning of those cases, the court of appeals determined that appellant was not entitled to the lesser-included-offense instruction because, even if the jury believed that appellant did not attempt to start or move the truck, the facts would still establish that he had exercised control over the truck, and thus the lesser offense was not a valid, rational alternative to the charged offense. *Id.* Although the court of appeals was correct in observing that evidence may be sufficient under certain circumstances to establish theft in the absence of asportation of a vehicle, the four cases on which it relied to show control over the vehicle were distinguishable from the evidence presented in this case. In *Barnes v. State*, Barnes entered a car without consent, closed the door, started the motor, and had his hands on the steering wheel, but he was arrested before he moved the car. *Barnes v. State*, 513 S.W.2d 850, 850 (Tex. Crim. App. 1974). This Court in *Barnes* found the evidence was sufficient to uphold the conviction for theft, despite the absence of asportation of the car. *Id.* at 851. In contrast to *Barnes*, under appellant's version of events, he did not have his feet on the

gas or brake pedals or start the motor and thus the evidence in this case does not show that he controlled the vehicle in the manner that the *Barnes* Court had found to be sufficient. *See id.* The second case that the court of appeals cited to was *Ward v. State*, 446 S.W.2d 304, 306 (Tex. Crim. App. 1969). In that case, an officer on routine patrol observed Ward sitting on the driver's side and later on the passenger side of a car listed as stolen that was parked in front of a club. *Id.* at 305–06. Ward told the officer that a man named Paul had driven him in the car to the club and that Ward was waiting in the car for Paul, who had gone into the club. *Id.* The officer investigated this claim by asking the patrons of the club whether they had seen or knew anything about Paul, and none of them did. *Id.* at 306. In addressing Ward's complaint that the State's "case of circumstantial evidence will not sustain a conviction," this Court indicated that "[t]he presence of [Ward] behind the steering wheel while alone in the car parked at the 500 Club," along with the other evidence, was sufficient to establish theft. *Id.* Unlike *Ward*, in which the evidence rationally supported an inference that Ward had driven the car to the club, here, appellant's testimony averred that he did not start the ignition or drive the car away from the location where it had been parked by Martinez and Hernandez. The evidence supplied by appellant in this case, therefore, does not show that he controlled the vehicle in the manner that the Court had found to be sufficient in *Ward*. *See id.* The third and fourth cases on which the court of appeals relied are similarly unpersuasive. *See Esparza v. State*, 367 S.W.2d 861, 861–62 (Tex. Crim. App. 1963) (evidence was sufficient to establish theft based on Esparza having "dominion and control" over the car "by pushing the automobile away

from the place where he had found it"); *Krause v. State*, 151 Tex.Crim. 197, 206 S.W.2d 257, 258 (1947) (holding that the evidence was sufficient to establish theft based on Krause taking possession of the car by entering the car, sitting behind the driver's seat, and breaking the lock on the steering wheel). Unlike *Esparza* and *Krause*, according to appellant's testimony, he did not press the gas or brake pedals, move the automobile from its location, or do anything to take control over it. Based on the facts in this case, therefore, if the jury believed appellant's testimony that his feet were not on the pedals and that he did not turn on the ignition or move the truck, the jury could have rationally found that appellant did not exercise control over the truck and thus did not commit theft. We, therefore, agree with appellant that the court of appeals's analysis incorrectly determined that the jury would have been irrational in finding him guilty only of attempted theft based on its assessment that, under any view of the facts, the evidence would necessarily have established the elements of theft of the truck.

This Court's opinion in *Sweed v. State* is instructive in this case. *See Sweed*, 351 S.W.3d at 68–70. In *Sweed*, this Court found that it was error to refuse a lesser-included-offense instruction for theft for a defendant charged with aggravated robbery. *Id.* at 64. There, Sweed stole a nail gun from his complainant and shortly afterwards threatened him with a knife. *Id.* at 64–65. The State argued that the threat occurred in the course of the theft because it facilitated Sweed's escape while he was still in immediate flight from the theft. *Id.* at 67. Sweed contended that, although it was true that he stole the nail gun from his complainant and brandished a knife at him, these were two entirely separate events rather than a continuation of a single event. *Id.* at 66–67. The court of appeals concluded that there was no evidence that would permit a jury to rationally find that Sweed did not threaten his complainant in the course of the theft, and thus, no lesser-included-offense instruction for theft was warranted. *Id.* at 66. We reversed. We determined that there was more than a scintilla of evidence to allow a jury to rationally find that the theft was complete and that the brandishing of the knife was a separate event not occurring in immediate flight from the theft. *Id.* at 69. We took note of evidence in the record showing that the time between the two events was approximately fifteen to thirty minutes, during which time Sweed had left the scene of the theft, went to an apartment, hid the nail gun, changed clothes, left the apartment, and met with a group of individuals for a few minutes. *Id.* We found that this evidence presented a question of fact for the jury because it was subject to rational, mutually exclusive interpretations—on the one hand, that the threat occurred in the course of the theft, or, on the other hand, that it was a separate event occurring after the theft. *Id.* Moreover, because the record contained evidence that could be rationally interpreted as showing that Sweed was no longer in the course of committing theft at the time that he brandished the knife, there was affirmative evidence in the record from which the jury could have found Sweed guilty of the lesser offense and thus it was not a case of a jury simply disbelieving certain evidence. *Id.* We noted that "it is the jury's role, not the court's, to determine whether there is sufficient evidence to support a lesser-included offense." *Id.*

Our analysis in the instant case parallels *Sweed*. Here, the jury could have rationally determined that appellant was not guilty of theft of the truck and was guilty only of

attempted theft of the truck if (1) it believed the evidence that appellant was inside the truck without consent to be there and that his presence inside the truck and immediate flight from it when he was discovered there showed his intent to steal it, (2) it also believed appellant's testimony denying that his foot was on the pedals and stating that he did not turn on the engine or attempt to start or move the truck, and (3) it disbelieved appellant's testimony that he intended to steal only cash or electronics from the cab. As we explained in *Sweed*, it is the jury's province to decide which parts of this evidence to believe. *Id.*; *see also Jones*, 984 S.W.2d at 258. When, as here, the record provides more than a scintilla of evidence from which the jury could have rationally determined that the defendant was guilty only of a lesser-included offense, then the defendant is entitled to a jury charge on that lesser offense. This is true even if such a determination would require the jury to believe only portions of certain witnesses' testimony. By crediting the testimony of Martinez over appellant's and viewing each witness's testimony in isolation, the court of appeals failed to apply the proper analysis, which requires a reviewing court to consider the totality of the evidence without reference to the credibility of the evidence or whether that evidence is controverted or conflicting. *See Goad*, 354 S.W.3d at 446–47. In view of all these considerations, we hold that the court of appeals erred by concluding that the trial court properly declined to instruct the jury on the lesser-included offense of attempted theft.

## III.  Conclusion

Because the record on the whole provides more than a scintilla of evidence to rationally support a conviction only for attempted theft, we hold that appellant was entitled to a lesser-included offense jury instruction for that offense. We, therefore, reverse the judgment of the court of appeals. Further, because the court of appeals has not considered whether appellant was harmed as a result of the trial court's erroneous denial of the lesser-included-offense instruction, we remand this case to that court for it to conduct a harm analysis in the first instance.

Yeary, J., filed a concurring opinion. Keller, P.J., and Newell, J., dissented. Meyers and Hervey, JJ., did not participate.

Yeary, J., filed a concurring opinion.

I join the majority opinion. I write separately only to point out a few additional things that further persuade me that the majority opinion reaches the correct result in this case on the merits.

A person commits the offense of theft if he "unlawfully *appropriates* property with intent to deprive the owner of property." [1] "Appropriate" means "to *acquire or otherwise exercise control over* property other than real property." [2] Generally speaking, a crime is complete when each of the elements of the crime has occurred.[3] The inchoate offense of "criminal attempt" occurs, however, when, with "specific intent to commit an offense, [a person] does an act amounting to more than mere prepara-

---

**1.**  Tex. Penal Code § 31.03(a) (emphasis added).

**2.**  Tex. Penal Code § 31.01(4)(B) (emphasis added).

**3.**  *Barnes v. State*, 824 S.W.2d 560, 562 (Tex. Crim. App. 1991), *overruled on other grounds*, *Proctor v. State*, 967 S.W.2d 840 (Tex. Crim. App. 1998).

tion that tends but fails to effect the commission of the offense intended."[4]

Criminal attempt is a lesser included offense of the offense intended.[5] It has also been settled for quite some time that a requested lesser included offense instruction—such as attempt—should not be denied when there is some evidence in the record "that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense."[6] Therefore, because Appellant requested a lesser included offense instruction on criminal attempt, if there is evidence in the record of this case that rationally might have persuaded the jury to believe that Appellant fully formed the specific intent to commit the theft of the truck, and that he committed an act amounting to more than mere preparation to commit theft of the truck that tended but failed to effect its commission, the lesser included offense instruction on attempted theft should have been given to the jury for its consideration.

The evidence in the record of this case shows that Roy Martinez was a manager at a furniture rental company who was making a delivery with the company's delivery truck. While Martinez was inside the back of the truck, Appellant got into the cab, and Martinez heard Appellant start the engine and rev the motor several times. Martinez went to the cab of the truck, where he confronted Appellant and observed Appellant sitting in the driver's seat with his hands on the steering wheel and his feet pushing the gas and brake pedals. I am satisfied that the evidence in this case was at least sufficient to support the giving of an instruction to the jury on the charged theft offense.

But in this case, Appellant testified in his own defense. On cross-examination by the State, he expressly denied exercising control over the truck. He was then questioned about whether he thought "sitting in the driver's seat pushing the accelerator, messing with all of the buttons and trying to drive away would not be exercising control over the truck," and he responded, "If that's what I did, *but that's not what I did*." (emphasis added). He then admitted getting into the truck, but he claimed he "was looking around" and he claimed he "never pushed on the accelerator" or "hit the brakes ... and all that."

As I read Appellant's testimony, Appellant did not deny sitting in the driver's seat, but he did deny doing anything from that vantage point that would constitute exercising control over the truck. If the jury believed Appellant's claims that he did not start the engine or press the gas or brake pedals, it might have concluded that Appellant failed to *acquire or exercise control over* the truck and thereby *appropriate* it. It would have been rational under those circumstances for the jury to conclude that he attempted, but did not complete, the offense of theft.

The definition of "property" in Chapter 31 of the Penal Code recognizes that there is a difference between real and personal property.[7] But vehicles present a special case. Vehicles are ordinarily considered

4. Tex. Penal Code § 15.01(a).

5. Tex. Code Crim. Proc. art. 37.09(4); *Hill v. State*, 521 S.W.2d 253, 255 (Tex. Crim. App. 1975) (coming to the conclusion that "an attempt to commit burglary is a lesser included offense of the consummated act of burglary").

6. *Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993).

7. *See* Tex. Penal Code § 31.01(5) (defining "property").

personal property, but they are also—similar to real property—different from other, smaller objects like books or wallets or guns or even laptop computers.[8] Books, wallets, guns, and laptop computers can be acquired readily by the grasp of a hand. But I do not believe we would consider evidence that would be legally sufficient to show the completed theft of a laptop computer to be so definitive that a lesser included offense instruction on attempted theft should be denied if contradictory defensive evidence were introduced at trial showing that the defendant only placed his hand on the laptop computer but was interrupted and ran away without taking it. Whether the evidence demonstrated acquisition or the exercise of control over the laptop computer sufficiently to constitute appropriation in such a case would be a matter about which rational fact finders might disagree.

It takes more than touching or grasping to acquire or exercise control over a typical vehicle. A child who sits in a vehicle without access to its key, for example, could hardly be said to have acquired it or even exercised control over it. If the evidence demonstrates that a person sitting inside a vehicle has more experience and perhaps knowledge of how to operate it, the inference that he may be acquiring or exercising control over it becomes something that can reasonably be considered. And if the evidence further demonstrates that the person took action while inside the vehicle that tended to show a desire to affect its operation, the inference of appropriation grows stronger. Finally, if the evidence demonstrates that the person, with intent to deprive the owner of the vehicle, engaged the operation of the engine, placed his hands on the steering wheel, released the brake, and pushed on the gas pedal, it becomes harder to credibly deny that a theft has been completed.

Importantly, the "vehicle" at issue in this case is larger and more complex than the average vehicle. Even if the jury rejected Appellant's claim that he did not start the engine or press the gas or brake pedals, and accepted Martinez's testimony that Appellant had started the engine and was pushing on the gas and brake pedals, the evidence also showed that Appellant had not yet been able to disengage the air brake on the truck before he was interrupted and fled the scene. I believe that this evidence could have led some rational fact finder to conclude that, as much as Appellant tried to appropriate the vehicle, his efforts failed to accomplish his intended goal. And if the jury was capable of rationally drawing that conclusion from the evidence, it should have been permitted to consider the lesser included offense of attempted theft.[9]

## OPINION

Rehearing denied.

Newell, J., filed a dissenting opinion, in which Keller, P.J., and Keel, J., joined.

In this case, a jury convicted Appellant of theft of a delivery truck. Appellant testified that he broke into the delivery truck to steal items inside it, but he denied ever

8. Similar to real property, vehicles in Texas have registered titles. Tex. Transp. Code § 501.022(a).

9. See Tex. Penal Code § 15.01(a) ("A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation *that tends but fails to effect the commission of* the offense intended.") (emphasis added).

intending to steal the truck or pressing on the gas or brake pedals to try to start to move the truck. On original submission, this Court held that Appellant was entitled to a jury instruction on the lesser-included offense of attempted theft because

> the jury could have rationally determined that appellant was not guilty of theft of the truck and was guilty only of attempted theft if (1) it believed the evidence that appellant was inside the truck without consent to be there and that his presence inside the truck and immediate flight from it when he was discovered there showed his intent to steal it, (2) it also believed appellant's testimony denying that his foot was on the pedals and stating that he did not turn on the engine or attempt to start or move the truck, and (3) it disbelieved appellant's testimony that he intended to steal only cash or electronics from the cab.

*Bullock v. State*, 509 S.W.3d 921, 929, 2016 WL 7900079, at *4 (Tex. Crim. App. Dec. 14, 2016). That is, the State proved that Appellant committed theft of a vehicle, but the Court held that Appellant was entitled to a jury instruction on attempted theft because Appellant denied pressing the gas or brake pedals.

I agree that it is the jury's province to decide which parts of the evidence to believe. *Jones v. State*, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998) ("The trier of fact is always free to selectively believe all or part of the testimony proffered and introduced by either side."). And, I agree that a defendant is entitled to a jury instruction on a lesser-included offense even if the evidence he presents in support of it is strong, weak, unimpeached, or contradicted. *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993). The threshold for

such an instruction is admittedly low. *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011).

But the evidence presented must be a valid, rational alternative to the greater offense. *Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011). The evidence presented must permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense. *Id.* This analysis requires examining all the evidence admitted at trial, not merely plucking a statement made by the defendant out of the record and examining it in a vacuum. *Enriquez v. State*, 21 S.W.3d 277, 278 (Tex. Crim. App. 2000). A defendant's testimony that he committed no offense, or testimony that otherwise shows that no offense occurred at all, is not adequate to raise the issue of a lesser-included offense. *Lofton v. State*, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001).

Here, the Court has plucked one sliver of a defendant's testimony out of the record and examined it in isolation. According to the Court, Appellant was entitled to a jury instruction on attempted theft because the jury could have believed the portion of Appellant's testimony that he did not press the gas or brake pedals on the truck. Even more problematic, this same jury was also supposed to rationally disbelieve the reason Appellant himself gave for not pressing the gas or brake pedals on the truck: he was not attempting to steal the truck. While Appellant may have testified to alternative facts, they were not a valid, rational alternative to the offense of theft of a vehicle. Appellant denied attempting to steal the truck, yet we held that he was entitled to a jury instruction on attempting to steal the truck.

That is why I agree with both the trial court and the court of appeals. I would

leave for another day the philosophical questions about what amounts to an act in furtherance of appropriation of a truck and whether there can even be an offense of attempted theft. Appellant denied committing the lesser-included offense. *Lofton*, 45 S.W.3d at 652. That is not enough to warrant a jury instruction. I would grant rehearing and affirm the court of appeals holding to that effect. Because the Court does not, I dissent.