

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00646-CR

Gilbert **CISNEROS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 365th Judicial District Court, Dimmit County, Texas
Trial Court No. 15-10-03043-DCRAJA
Honorable Amado J. Abascal, III, Judge Presiding

Opinion by: Karen Angelini, Justice

Sitting: Karen Angelini, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: October 31, 2018

AFFIRMED

A jury convicted Gilbert Cisneros of the offense of aggravated assault with a deadly weapon. On appeal, Cisneros argues the trial court erred by denying his request for a jury instruction on reckless driving, which he claims was a lesser-included offense under the circumstances of this case. We affirm.

### BACKGROUND

Cisneros was indicted for the offense of aggravated assault. The indictment alleged two manners for commission of the offense. First, the indictment alleged Cisneros intentionally,

knowingly, or recklessly caused bodily injury to the victim, by causing a motor vehicle to strike the victim, and the vehicle was a deadly weapon. Second, the indictment alleged Cisneros intentionally, knowingly, or recklessly caused serious bodily injury to the victim by causing a motor vehicle to strike the victim. Cisneros pled not guilty to the allegations in the indictment.

At trial, the State presented evidence showing that in the early morning hours of November 21, 2014, Cisneros drove to a convenience store in Carrizo Springs, Texas, to buy gas for the vehicle he was driving. While Cisneros went inside to pay, Cisneros's passenger, Nestor Padilla, began to pump gas. Vanessa Flores and Robert Titsworth were in the store's parking lot standing by a parked car.

When Cisneros returned to the vehicle, Titsworth approached Padilla and Cisneros and started to fight with Padilla. Flores and several individuals urged Titsworth to walk away from Padilla and Cisneros. As Flores and Titsworth were walking away, Cisneros drove up behind them and hit them with the vehicle. After hitting Flores and Titsworth, Cisneros reversed the vehicle and sped away from the convenience store. The entire incident was recorded on the store's security cameras and the video recordings were played at trial.

Flores's knee was cut when she was pinned between the vehicle driven by Cisneros and a parked car. After the incident, Flores went to the emergency room, where she received medical treatment, including fourteen sutures, for the cut to her knee.

Cisneros testified at trial, claiming that he had hit Flores and Titsworth by mistake. Cisneros claimed the vehicle he was driving, which belonged to his girlfriend, was not in very good condition. The vehicle had problems with the transmission, requiring Cisneros to "jiggle through the gears," and it had problems with the power steering, making it difficult for Cisneros to steer. Cisneros further testified that Titsworth had scared him and he had panicked. Cisneros claimed he had hit Flores and Titsworth with the vehicle because he was trying to call 9-1-1 on his

cell phone and to leave the area quickly. According to Cisneros, he did not see Flores or Titsworth in front of him and he did not realize that he had hit anyone with the vehicle; however, Cisneros did realize that he had "bumped into a car."

At the charge conference, Cisneros requested jury instructions on deadly conduct and reckless driving. The trial court granted Cisneros's request as to deadly conduct but denied his request as to reckless driving. The trial court also decided to instruct the jury on the offense of simple assault. Therefore, the jury was instructed on aggravated assault and two lesser-included offenses, deadly conduct and simple assault. The jury was not instructed on reckless driving.

The jury convicted Cisneros of the offense of aggravated assault with a deadly weapon. Cisneros elected to have punishment assessed by the trial court. The trial court sentenced Cisneros to five years in prison. Cisneros appealed.

## DISCUSSION

In his sole issue, Cisneros argues the trial court erred in denying his request for a jury instruction on reckless driving. Cisneros argues that, under the circumstances of this case, reckless driving was a lesser-included offense of aggravated assault. Cisneros argues he satisfies the two-part test set out in *Hall v. State*, 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007), for determining if a defendant is entitled to a lesser-included-offense instruction. Under *Hall*, the first step is to determine if the requested instruction pertains to an offense that is a lesser-included offense of the charged offense, which is a matter of law. *Bullock v. State*, 509 S.W.3d 921, 924 (Tex. Crim. App. 2016); *Hall*, 225 S.W.3d at 535. The second step is to determine if there is evidence in the record that supports giving the instruction to the jury. *Bullock*, 509 S.W.3d at 924-25; *Hall*, 225 S.W.3d at 536. The second step requires some evidence in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser offense. *Bullock*, 509 S.W.3d at 925; *Hall*, 225 S.W.3d at 536. The State agrees that Cisneros satisfies the first step of the *Hall* test,

but not the second step of the *Hall* test. Therefore, according to the State, the trial court's refusal to instruct the jury on reckless driving was not error.

For purposes of analyzing this case, we will assume, without deciding, the trial court erred in refusing to instruct the jury on reckless driving. We, therefore, confine our analysis to whether Cisneros was harmed by the alleged error.

Preservation of charge error does not become an issue until an appellate court evaluates harm. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). In this case, Cisneros preserved any error by objecting in the trial court. Generally, when jury-charge error has been preserved, we reverse if the error in the court's charge resulted in some harm to the accused. *Ngo*, 175 S.W.3d at 743; *Almanza*, 686 S.W.2d at 171.

Cisneros argues that he was harmed by the refusal to instruct the jury on reckless driving because the punishment for aggravated assault exceeds the punishment for reckless driving. The State counters that Cisneros was not harmed by the refusal to instruct the jury on reckless driving for the reasons stated in *Masterson v. State*, 155 S.W.3d 167, 171 (Tex. Crim. App. 2005).

In *Masterson*, the Court of Criminal Appeals reiterated that a jury's failure to find an intervening lesser-included offense may, in appropriate circumstances, render a failure to instruct on a requested lesser-included offense harmless. *Id*. (citing *Saunders v. State*, 913 S.W.2d 564, 572 (Tex. Crim. App. 1995)). The Court of Criminal Appeals reasoned that "the harm from denying a lesser offense instruction stems from the potential to place the jury in the dilemma of convicting for a greater offense in which the jury has reasonable doubt or releasing entirely from criminal liability a person the jury is convinced is a wrongdoer." *Id*. "The intervening lesser offense is an available compromise, giving the jury the ability to hold the wrongdoer accountable without having to find him guilty of the charged (greater) offense." *Id*. An instruction regarding an

intervening lesser offense does not automatically foreclose harm because in some circumstances that intervening offense may be the least plausible theory under the evidence. *Id*. However, if the jury's rejection of the intervening lesser offense indicates that the jury legitimately believed that the defendant was guilty of the greater, charged offense, the appellate court can conclude that the intervening offense instruction renders the error harmless. *Id*. at 171-72.

We must first determine if the jury in this case was charged on an intervening lesser-included offense. An intervening lesser-included offense is one that "is between the requested lesser offense and the offense charged." *Id*. at 171. In this case, the requested lesser offense was reckless driving, which is a misdemeanor punishable by a fine not to exceed $200 and/or confinement in the county jail for not more than thirty days. TEX. TRANSP. CODE ANN. § 545.401(b). The potential intervening lesser-included offense was simple assault, which is generally a Class A misdemeanor, punishable by a fine not to exceed $4000 and/or confinement in jail not to exceed one year. TEX. PENAL CODE ANN. §§ 12.21, 22.01(b). Finally, the greater, charged offense was aggravated assault, which is a second degree felony punishable by a fine not to exceed $10,000 and/or a term of imprisonment from two to twenty years. *Id*. §§ 12.33, 22.02(a),(b). We conclude simple assault qualifies as an intervening lesser-included offense in this case, and therefore, *Masterson* applies.

Under *Masterson*'s analysis, we consider whether the jury rejected the intervening lesser-included offense. 155 S.W.3d at 171. We also consider the plausibility of the intervening lesser-included offense. *Id*. Therefore, if the jury rejected simple assault, and that offense was not "the least plausible theory under the evidence," then the trial court's refusal to instruct on reckless driving was harmless. *See id*.

Here, the jury was instructed that a person commits the offense of simple assault if he recklessly causes bodily injury to another. Under the evidence presented, simple assault was a

realistic option for the jury. The State's aggravated assault theories were based on Cisneros either using or exhibiting the vehicle in a manner that met the definition of deadly weapon, or Flores suffering serious bodily injury. If the jury found (1) Cisneros operated the vehicle recklessly, (2) Flores suffered bodily injury but the vehicle was not a deadly weapon, and (3) Flores did not suffer serious bodily injury, then the jury would have found Cisneros "not guilty" of aggravated assault. Under this scenario, all the elements of simple assault would have been proven and a conviction for that lesser-included offense would have been appropriate. Additionally, the nature and extent of Flores's injury was contested at trial, but the fact that Flores suffered some bodily injury was not. Bodily injury may be an element of simple assault, but it is not an element of reckless driving.[1] We conclude that under the evidence presented simple assault was not "the least plausible theory under the evidence." *See id*.

The intervening lesser offense was an available compromise in this case; it gave the jury the ability to hold Cisneros accountable without having to find him guilty of the greater offense. *See id*. The jury's conviction of Cisneros for aggravated assault with a deadly weapon despite the availability of simple assault shows that the jury legitimately believed that Cisneros was in fact guilty of the greater offense. Because the jury rejected simple assault, and that offense was not the least plausible theory under the evidence, the trial court's refusal to instruct on reckless driving was harmless. *See id*. at 171-72; *Guzman v. State*, 188 S.W.3d 185, 194 n.20 (Tex. Crim. App. 2006) (recognizing in attempted murder appeal that any error in refusing a deadly conduct instruction would have been harmless in light of the jury's rejection of the intervening lesser-

---

[1]A person commits the offense of assault by intentionally, knowingly, or recklessly causing bodily injury to another. TEX. PENAL CODE ANN. § 22.01(a)(1). A person commits the offense of reckless driving by driving a vehicle in willful or wanton disregard for the safety of persons or property. TEX. TRANSP. CODE ANN. § 545.401(a).

included offense of aggravated assault). Therefore, we conclude that any error in denying a reckless driving instruction was harmless. We overrule Cisneros's sole issue.

## Conclusion

The trial court's judgment is affirmed.

Karen Angelini, Justice

Do not publish