

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0289-20

**CHARLES ROBERT RANSIER, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### COMAL COUNTY

KELLER, P.J., delivered the opinion of the Court in which HERVEY, RICHARDSON, KEEL, SLAUGHTER and MCCLURE, JJ., joined. KEEL, J., filed a concurring opinion in which SLAUGHTER, J., joined. YEARY, J., filed a dissenting opinion. NEWELL, J., filed a dissenting opinion. WALKER, J., dissented.

### OPINION

During an investigation at the side of the road, DPS Trooper David Kral noticed something in Appellant's hand. Trooper Kral later discovered that the item was a syringe. Appellant was charged with tampering with evidence for, among other things, concealing the syringe. The court of appeals concluded that the lesser-included offense of *attempted* tampering was raised because "from the point [the trooper] saw appellant with the syringe in his hand until the time he got him to

the ground, he knew where the syringe was the whole time."[1] We conclude that the court of appeals did not look back far enough in time because Trooper Kral testified that, *before* he saw the syringe, Appellant was concealing it from him, and there was no evidence from any source suggesting otherwise. Consequently, we reverse the judgment of the court of appeals.

## I. BACKGROUND

### A. The Incident and Trial

In March 2015, DPS Trooper Kral saw a truck parked beside a children's slide on the side of the road and stopped to investigate. Appellant refused Trooper Kral's request for permission to search the truck, but Appellant ultimately agreed to remove items from the truck himself. At some point, Trooper Kral noticed something in Appellant's hand. Appellant "was trying to make some kind of movement and basically shoving his right hand underneath the driver's side seat." As the trooper repositioned himself to see what Appellant was holding, he saw that it was a syringe and that Appellant was trying to break the needle off with his thumb and shove the syringe under the seat. Trooper Kral ordered Appellant to drop the item and get away from the truck. When Appellant ignored the command and continued his effort to break and hide the syringe, the trooper grabbed him by the shoulder and the arm and ripped him away from the truck. Appellant fell to the ground and the syringe fell about two feet away. Trooper Kral noticed at that time that the syringe was broken. The event was captured on the trooper's bodycam video.

During direct examination at trial, the prosecutor asked, "At some point did something happen that caused you some concern or something unusual? Tell us about how that was going." Trooper Kral's response included talking about when he first saw the syringe in Appellant's hand:

---

[1] *Ransier v. State*, 594 S.W.3d 1, 10 (Tex. App.—Houston [14th Dist.] 2019).

And so I was just watching his hands, watching his movements. And at one point I couldn't necessarily tell what was in his right hand. And he was trying to make some kind of movement and basically shoving his right hand underneath the driver's side seat. So whenever he started doing that, I started rearranging my body, bending over, coming back up, bending over, going to the side. And I said -- I asked him, "What's in your right hand specifically?["] He didn't answer me. He just kept -- it almost looked like he was getting more desperate as far as trying to get it under there. And at one point -- at some point whenever I bent over, I noticed what it was in his hand. It was a syringe.

On cross-examination, defense counsel questioned Trooper Kral about the syringe *after* he saw it in Appellant's hand:

Q. Now, when you were -- *from the point that you saw Mr. Ransier with the syringe in his hand* until the time you got him to the ground, would it be fair to say that you knew where that syringe was the whole time?

A. From the -- from the interaction that I had with him?

Q. Yes.

A. And to the point that we went to the ground?

Q. Yes.

A. Yes.

Q. Okay. And would it also be fair to say that since the syringe was in his hand, that it was partially concealed from you so you couldn't really see the full condition of it while it was in his hand? Would that be fair to say?

A. Yes, sir.[2]

On redirect examination, the prosecutor asked Trooper Kral if he had reviewed the video, and he said that he had. The prosecutor then asked about the syringe *before* Trooper Kral saw it:

Q. Can you actually see yourself leaning over a couple of times trying to see what he is doing?

---

[2] Emphasis added.

A. Yes, sir.

Q. And at that point, could you tell he had something in his hand he was trying -- concealing from you?

A. Without a doubt.

Q. And eventually you said you were able to lean over and caught a glimpse that it was a syringe?

A. Yes, sir.

Q. *But up until that point, did he conceal that syringe from you*?

A. *Yes, sir.*[3]

The indictment charged Appellant with tampering with evidence by altering, destroying, or concealing the syringe. The jury charge included the indictment's three theories of tampering, and Appellant requested the submission of the lesser-included offense of attempt to tamper with evidence. That request was denied, and Appellant was convicted of tampering with evidence.

## B. Appeal

The court of appeals recognized that Appellant's entitlement to a lesser-included offense depended on him raising the lesser-included offense with respect to all three of the State's theories of tampering.[4] But the appellate court found that the evidence did raise the lesser-included offense with respect to all three of the State's theories.[5] Regarding the concealment theory, the court of appeals focused on what happened after Trooper Kral saw the syringe:

With respect to whether appellant concealed the syringe, Kral testified that he was

---

[3] Emphasis added.

[4] *Id.* at 8.

[5] *Id.* at 9-12.

watching appellant remove items from appellant's truck and from the point he saw appellant with the syringe in his hand until the time he got him to the ground, he knew where the syringe was the whole time. Kral agreed that while the syringe was in appellant's hand, it was only partially concealed. This testimony refutes or negates other evidence that appellant concealed the syringe.[6]

Later in its opinion, the court of appeals said there was evidence that the syringe was never fully concealed:

> With respect to concealment of the syringe, although there was ample evidence of appellant's attempt to shove the syringe under the seat and defendant admitted, "that was the intention," there was also evidence that the syringe was never fully concealed, and as such, the attempt to conceal the syringe by shoving it under the seat was never completed.[7]

## II. ANALYSIS

A defendant is entitled to submission of a lesser-included offense only if the following two-pronged test is satisfied: (1) the requested lesser offense is in fact a lesser-included offense of the charged offense, and (2) there is some evidence in the record that would permit the a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense.[8] When the jury is instructed on alternate theories of the charged offense, the second prong of the test is satisfied only if "there is evidence which, if believed, refutes or negates every theory which elevates

---

[6] *Id.* at 10.

[7] *Id.* at 11. Justice Jewell dissented, contending that there was no evidence to show that Appellant only attempted to alter or destroy the syringe because the evidence shows he broke it and there was no evidence to show that he only attempted to break it. *Id.* at 14-20 (Jewell, J., dissenting). In a supplemental opinion, the court of appeals majority rejected the State's arguments in a motion for rehearing that, no matter how the syringe was broken, Appellant was liable under the law of parties or the doctrine of concurrent causation. *Id.* at 20-22 (op. on reh'g).

[8] *Bullock v. State*, 509 S.W.3d 921, 924-25 (Tex. Crim. App. 2016). *See also Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993).

the offense from the lesser to the greater."[9]

As a matter of law, attempted tampering with evidence is a lesser-included offense of tampering with evidence,[10] so the issue in this case is the second prong, whether there is evidence, under all three theories of tampering, that Appellant is guilty only of attempted tampering. Concluding that the court of appeals was mistaken about the existence of evidence to show *only* attempted concealment, we hold that the second prong was not met.

The court of appeals reads too much into Trooper Kral's testimony about the syringe being partially concealed. On direct examination, Trooper Kral explained that he had to reposition his body to see what Appellant was holding. On cross-examination, the trooper testified that the syringe was only partially concealed *after he first saw it*. On redirect examination, the trooper made it clear that Appellant was fully concealing the syringe from the trooper *before* the trooper first saw it. There is no conflict between any of this testimony, and we are aware of no other testimony suggesting that the syringe was only partially concealed from the trooper. We conclude that there was evidence that Appellant fully concealed the syringe from Trooper Kral during the time that he first noticed that Appellant had something in his hand but before the trooper first saw syringe, and there was no evidence suggesting otherwise.

Absent some evidence negating full concealment, Appellant has not raised the lesser-included offense of attempted concealment. "[I]t is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather there must be some evidence directly germane to the

---

[9] *Ritcherson v. State*, 568 S.W.3d 667, 671 (Tex. Crim. App. 2018).

[10] *See* TEX. CODE CRIM. PROC. art. 37.09(4) ("An offense is a lesser included offense if . . . it consists of an attempt to commit the offense charged or an otherwise included offense.").

lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted."[11] Unless the evidence presented is subject to different interpretations consistent with either the greater or lesser-included offenses, evidence directly germane to a lesser-included offense exists only if there is "affirmative evidence that both raises the lesser-included offense and rebuts or negates an element of the greater offense."[12]

The present case is like *Chavez*, where we held that evidence that the defendant did not have the requisite mental state for murder at the time the victims were kidnapped did not negate his having the requisite mental state later, at the time of the killings.[13] Similarly, evidence that Appellant partially concealed the syringe after Trooper Kral saw it was a syringe does not negate Appellant having fully concealed the syringe earlier, when Trooper Kral saw that Appellant was holding something but could not see what it was. Consequently, the record fails to meet the "guilty only" prong of the test with respect to the concealment theory of the offense. Appellant was not entitled to submission of the lesser offense of attempted tampering.

Appellant contends that *Bullock* supports the submission of a lesser-included offense in his case. He argues that *Bullock* allows a lesser-included offense to be submitted based on the jury's ability to disbelieve evidence (in this case, inculpatory evidence showing a completed offense). We

---

[11] *Bullock*, 509 S.W.3d at 925.

[12] *Cavazos v. State*, 382 S.W.3d 377, 385 (Tex. Crim. App. 2012).

[13] *See Chavez v. State*, 666 S.W.3d 772, 777-78 (Tex. Crim. App. 2023) (Evidence that there was no agreement to kill the victims *at the time of the kidnappings* and that an accomplice was the first to come up with the idea to kill the victims is not directly germane to the defendant's state of mind *at the time of the murders*.). *See also id.* at 780 (Newell, J., concurring) ("Disbelieving a witness whose testimony establishes an element of a greater offense is not the same thing as believing some testimony that affirmatively negates an element of a greater offense.").

do not read *Bullock* that expansively.

The *Bullock* court specifically said that it was not enough that the jury could disbelieve "crucial evidence pertaining to the greater offense."[14] In our recent opinion in *Chavez*, we said that mere disbelief of evidence "establishing commission of the greater offense" is insufficient by itself to justify submission of a lesser offense.[15] These are references to *inculpatory* evidence of the greater offense. Under *Bullock* and *Chavez*, the possibility that inculpatory evidence could be disbelieved is not enough to raise a lesser-included offense.

Unlike in the present case, the pertinent evidence in *Bullock* was *exculpatory*. There, the defendant testified that he did not intend to steal the truck, and he also testified that he never exercised control over the truck.[16] Both of these items of testimony were exculpatory, not inculpatory. If the jury believed that he didn't intend to steal the truck, then it would have to acquit him. But if the jury believed that he intended to steal the truck but never exercised control over it, then it could find him guilty only of the lesser offense of attempted theft of the truck.[17] His testimony that he did not exercise control over the truck was affirmative evidence negating the element required for the greater, completed offense.[18]

Here, though, there was no exculpatory evidence to believe or disbelieve; there was only

---

[14] 509 S.W.3d at 925.

[15] *See Chavez*, 666 S.W.3d at 777.

[16] *Bullock*, 509 S.W.3d at 923, 926 ("failed to exercise control over the truck, based on his testimony that he did not press the gas or brake pedals or try to start or move the truck").

[17] *Id.* at 926.

[18] *Id.*

inculpatory evidence. The evidence that Appellant fully concealed the syringe was inculpatory. And the evidence that he partially concealed the syringe later in the encounter was also inculpatory, not exculpatory, because it was not evidence that he never fully concealed the syringe. It was evidence of additional criminality, not evidence of lesser criminality. So there was no exculpatory evidence to be believed in this case, only the possibility of disbelieving inculpatory evidence. As in *Chavez*, mere disbelief of inculpatory evidence is not sufficient to raise a lesser-included offense.

We reverse the judgment of the court of appeals and remand the case to it to address Appellant's remaining issue.

Delivered: June 28, 2023

Publish