

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00413-CR

---

JOSHUA CROCKETT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. DC-2023-CR-0703, Honorable Douglas H. Freitag, Presiding

---

July 30, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Joshua Crockett, was convicted of aggravated assault with a deadly weapon, specifically a knife,[1] and sentenced to thirty-two years of confinement after pleading true to enhancements. On appeal, Crockett argues that the trial court erred by (1) admitting evidence of a prior assault and (2) denying his request to include an instruction for "deadly conduct" as a lesser-included offense in the jury charge. We affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (second-degree felony).

**Background**

In April 2023, an indictment issued, alleging that Appellant, Joshua Crockett, intentionally, knowingly, and recklessly caused bodily injury to his father, Thomas Crockett, by throwing a knife at him, resulting in injury. The State filed a notice of enhancement, alleging that Crockett had prior convictions for three felonies: aggravated sexual assault in May 2004, burglary of a habitation in November 2014, and failure to register as a sex offender in November 2014.[2]

Thomas Crockett testified at trial that on July 28, 2021, he was assisting his daughter and her boyfriend move out of their apartment. Appellant was also present in the apartment, so Thomas called 911 and asked for a "standby officer" due to family history.[3] Upon learning this, Joshua became enraged, exited the apartment with a knife,[4] and said, "Oh, you better get over here quick because it's escalated." Thomas began backing up in the parking lot and Joshua closed the distance. When they were two to three feet apart, Joshua threw the knife, striking Thomas in the leg.[5] Thomas testified

---

[2] At trial, Appellant pled true to two enhancements.

[3] Thomas testified that he called for a standby policeman before entering his daughter's apartment due to a prior incident where Joshua had assaulted him. In June 2019, Joshua was living at Thomas's home. After Thomas drove Joshua to the house, Joshua angrily threw his belongings out of the pickup. When Thomas told him he needed to find another place to live, Joshua's mood escalated. The next thing Thomas remembered was waking up on the ground with a bloodied nose. He had a scar and a chipped tooth from the assault. Joshua pled guilty to misdemeanor assault.

[4] Witnesses testified the knife was a lock-blade Dewalt-folding knife.

[5] Thomas's testimony was corroborated by two witnesses. Off-duty police officer Warren Flye testified that Thomas was trying to de-escalate the situation while backing away when Joshua threw the knife. Rock Allen, a maintenance man at the apartments, confirmed that Joshua was "agitated" and threw the knife, but estimated the distance between them to be ten to thirty feet. Officer Flye testified the distance was two to three feet and stated, "If someone else said thirty, it would be incorrect."

that the knife caused a seven-centimeter "V" gash, for which he received stitches on both sides and wore a bandage for two to three weeks.

At trial, Officer Greg Cowan testified that the knife was capable of causing serious bodily injury or death.[6] During his testimony, the following exchange occurred without objection:

> [STATE]: On your backseat camera, did the Defendant talk to you while y'all were driving to the jail?
>
> [OFFICER]: He was talking in the backseat, yes.
>
> [STATE]: And during that ride, did he tell you that he had knocked his dad out before with one punch?
>
> [OFFICER]: He did comment about that.

Wade Goolsby, Lubbock County Sheriff's Corporal, testified as the custodian of jail records. These records showed that Appellant told someone he wanted his father to know he "deserve[d] to go to prison" but also wanted his father to speak to the district attorney and sign a non-prosecution affidavit.

At the close of evidence, the defense requested that the offense of "deadly conduct" be added to the charge, but the trial court denied the request. The jury was instructed on the terms "assault" and "assault with a deadly weapon." Appellant was subsequently convicted of aggravated assault with a deadly weapon and sentenced to thirty-two years of confinement.

---

[6] Dakota Sims, a paramedic who treated Thomas's father, testified that, in his training and experience, a knife can kill or cause serious bodily injury.

3

Rule 404(b) Objection

Appellant contends the trial court erred in admitting evidence of his prior assault, arguing it constituted improper character evidence under Rule 404(b) of the Texas Rules of Evidence[7] and was more prejudicial than probative under Rule 403. We disagree.

We review a trial court's decision to admit or exclude evidence for abused discretion. *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016). A trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement. *Id.* at 83. Rule 404(b) prohibits using extraneous conduct during the guilt-innocence phase to prove a defendant committed the charged offense in conformity with bad character. *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011). However, extraneous offense evidence may be admissible when it has relevance apart from character conformity, such as rebuttal of a defensive theory. *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009). Rule 404(b) also allows evidence of prior wrongs or bad acts to be admissible for proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. TEX. R. EVID. 404(b)(2).

Intent was a key issue at trial. Appellant's primary defense was that Crockett never intended to injure his father with the knife. His counsel argued in opening statements and closing arguments that there was no intent to harm. Accordingly, evidence of the prior assault was relevant to rebutting this defense, showing that Joshua had previously

---

[7] Throughout the remainder of this opinion, the Texas Rules of Evidence will be cited as "Rule ____."

assaulted his father when angry, making it more probable he intended to assault him with the knife under similar circumstances.

As for Rule 403, it allows the exclusion of relevant evidence when its probative value is "substantially outweighed" by its danger of unfair prejudice. TEX. R. EVID. 403. However, any error in admitting evidence is cured if the same evidence is admitted elsewhere without objection. *Aceituno-Urbina v. State*, No. 07-22-00205-CR, 2023 Tex. App. LEXIS 4262, at *3–4 (Tex. App.—Amarillo June 16, 2023, pet. ref'd) (mem. op.). Officer Cowan testified without objection that Appellant told him he had knocked his dad out before with one punch. Thus, any error in admitting the prior assault evidence was harmless as the jury heard other evidence of the prior assault. *See Broussard v. State*, 163 S.W.3d 312, 318 (Tex. App.—Beaumont 2005, no pet.).[8] Appellant's first issue is overruled.

Requested Deadly Conduct Instruction

In his second issue, Appellant argues that the trial court committed reversible error by not including an instruction for "deadly conduct" as a lesser-included offense in the jury charge. We review a trial court's refusal to include a lesser-included offense instruction for an abuse of discretion. *Brook v. State*, 295 S.W.3d 45, 49 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). A trial court abuses its discretion when it acts arbitrarily or

---

[8] When he objected before his father testified about the earlier incident, Appellant requested and obtained a "running objection." However, Appellant did not extend this objection to all witnesses, failing to preserve any complaint regarding Officer Cowan's testimony. *Aceituno-Urbina*, 2023 Tex. App. LEXIS 4262, at *4.

unreasonably, without reference to guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

When determining whether a trial court erred in denying an instruction on a lesser-included offense, we apply a two-part test. *Newcomer v. State*, No. 07-20-00004-CR, 2021 Tex. App. LEXIS 2922, at *5 (Tex. App.—Amarillo Apr. 19, 2021, pet. ref'd) (mem. op.) (citing *Bullock v. State*, 509 S.W.3d 921, 924-25 (Tex. Crim. App. 2016)). First, we consider whether the requested offense is a lesser-included offense of the charged offense. *Bullock*, 509 S.W.3d at 924. Here, "deadly conduct" is a lesser-included offense of aggravated assault with a deadly weapon because it is established as such when the defendant is alleged to have used a deadly weapon. *See*, *e.g.*, *Safian v. State*, 534 S.W.3d 216, 220–24 (Tex. Crim. App. 2018); *Guzman v. State*, 188 S.W.3d 185, 191 n.11 (Tex. Crim. App. 2006). *See also Newcomer*, 2021 Tex. App. LEXIS 2922, at *6–8.

We next consider whether the trial evidence would permit a jury to find that if the defendant is guilty, he is guilty only of the lesser offense. The question is whether there is some evidence that Appellant, if guilty, is guilty only of deadly conduct. *George v. State*, 634 S.W.3d 929, 937 (Tex. Crim. App. 2021). "A person commits an offense [of deadly conduct] if he recklessly engages in conduct that places another in imminent danger of serious bodily injury." TEX. PENAL CODE ANN. § 22.05(a).[9] There must be evidence of recklessness, not just intentional conduct. *See*, *e.g.*, *Cavazos v. State*, 382 S.W.3d 377, 385 (Tex. Crim. App. 2012) (recognizing that "pulling out a loaded gun in a

---

[9] "Recklessness and danger are presumed if the actor knowingly pointed a firearm at or in the direction of another whether or not the actor believed the firearm to be loaded." TEX. PENAL CODE ANN. § 22.05(c).

room full of people" and "shooting directly at a person" is not just "reckless" even if the defendant later claims no intent to shoot anyone).

Having reviewed the record, we find that Appellant did not present any evidence of recklessness to merit the lesser-included deadly conduct instruction. Merely characterizing behavior as both reckless and intentional does not warrant this instruction.[10] Three eyewitnesses testified that Appellant was "agitated" and "angry" when he approached his father with a knife and threw it directly at him as he backed away. This does not support the claim of recklessness sufficient to warrant a "deadly conduct" instruction. Appellant's second issue is overruled.

## Conclusion

The trial court's judgment is affirmed.

Lawrence M. Doss
Justice

Do not publish.

Quinn, C.J., concurring in the result.

---

[10] In *Guzman*, the defendant put a loaded gun to his ex-girlfriend's head and pulled the trigger. *Guzman*, 188 S.W.3d at 186. The Texas Court of Criminal Appeals held that although Guzman's conduct could be characterized as both reckless and intentional, he was not entitled to an instruction on a "reckless state of mind" or "deadly conduct." *Id.* at 193.