**Affirmed in part, Reversed and Remanded in part, and Majority and Dissenting Opinions filed July 16, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00580-CR
### NO. 14-17-00581-CR

## CHARLES ROBERT RANSIER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 207th District Court**
**Comal County, Texas**
**Trial Court Cause Nos. CR2016-303 & CR2017-004**

## D I S S E N T I N G   O P I N I O N

I respectfully disagree with the majority's analysis and disposition of appellant's second issue. I would hold that the trial court did not err in refusing appellant's request for a lesser-included offense instruction on attempted tampering with physical evidence, and I would overrule appellant's second issue. Because I cannot join the majority's opinion and judgment, I dissent.

The indictments in relevant part charged appellant with:

> knowing that an investigation was pending or in progress, [appellant] did then and there alter, destroy or conceal a thing, to-wit: a syringe, with intent to impair its verity, legibility, or availability as evidence in the investigation

and,

> knowing that an offense had been committed, [appellant] did then and there alter, destroy or conceal a thing, to-wit: a syringe, with intent to impair its verity, legibility, or availability as evidence in any subsequent investigation or official proceeding related to the offense.

*See* Tex. Penal Code § 37.09(a), (d-1). The trial court submitted a single question asking the jury whether it found appellant guilty or not guilty of tampering with physical evidence, and the court instructed the jury on the offense elements as set forth in the indictment and Penal Code sections 37.09(a) and (d-1). Appellant requested an instruction on the lesser-included offense of attempted tampering with physical evidence, and the trial court refused the request.[1] The jury found appellant guilty of the offense of tampering with physical evidence.

In his second issue, appellant contends the trial court erred by refusing to instruct the jury on attempted tampering with physical evidence. We review the trial court's decision on the submission of a lesser-included offense for an abuse of discretion. *See Guzman v. State*, 552 S.W.3d 936, 947 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd) (citing *Ramirez v. State*, 422 S.W.3d 898, 900 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd)). The trial court abuses its discretion when its decision is arbitrary, unreasonable, or without reference to guiding rules or principles. *Id.* (citing *Penaloza v. State*, 349 S.W.3d 709, 711 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd)). Because the trial court has no discretion in

---

[1] I agree with the majority that appellant preserved error.

determining the applicable law, the trial court also abuses its discretion when it fails to analyze the law correctly and apply it to the facts of the case. *Id.*

Deciding this issue involves a two-step process. *Bullock v. State*, 509 S.W.3d 921, 924 (Tex. Crim. App. 2016); *Cavazos v. State*, 382 S.W.3d 377, 384-85 (Tex. Crim. App. 2012); *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011). We first determine whether the requested instruction pertains to an offense that is a lesser-included offense of the charged offense. *Bullock*, 509 S.W.3d at 924. Generally speaking, an offense is a lesser-included offense if it consists of an attempt to commit the offense charged. Tex. Code Crim. Proc. art. 37.09(4). Applying article 37.09(4) to the present case, attempted tampering with physical evidence is a lesser-included offense of tampering with physical evidence. I agree with the majority that the first step is established as a matter of law.

The second step requires us to determine whether the evidence presented during the trial supports the requested instruction. *Bullock*, 509 S.W.3d at 924-25; *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011); *Rice*, 333 S.W.3d at 144. A defendant is entitled to an instruction on a lesser-included offense when some evidence exists that would permit a jury to rationally find that if the defendant is guilty, he is guilty *only* of the lesser-included offense. *Bullock*, 509 S.W.3d at 924-25; *Cavazos*, 382 S.W.3d at 385; *Saunders v. State*, 840 S.W.2d 390, 391-92 (Tex. Crim. App. 1992). As applied to the present case, there must be some affirmative evidence from which a rational jury could acquit appellant of tampering, but convict him of attempted tampering. *See Cavazos*, 382 S.W.3d at 385. The evidence must establish that the lesser-included offense is a valid, rational alternative to the charged offense. *Bullock*, 509 S.W.3d at 925.

In examining the core inquiry whether a jury rationally could find the defendant guilty only of the lesser-included offense, we consider all of the

3

evidence admitted at trial and not just the evidence presented by the defendant. *Id.*; *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011). There are generally two ways in which the evidence may indicate that a defendant is guilty only of a lesser-included offense. *Bullock*, 509 S.W.3d at 925; *Sweed*, 351 S.W.3d at 68; *Saunders*, 840 S.W.2d at 391-92. First, evidence may refute or negate other evidence establishing an element or elements of the charged offense. *See Saunders*, 840 S.W.2d at 391. Second, a defendant may be shown guilty only of a lesser-included offense if the evidence is subject to different inferences. *See Bullock*, 509 S.W.3d at 925; *Saunders*, 840 S.W.2d at 392. Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge. *Sweed*, 351 S.W.3d at 68. This threshold showing is low, but it is not enough that the jury may merely disbelieve crucial evidence pertaining to the greater offense; rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted. *Id*. We may not consider the credibility of the evidence supporting the lesser charge or consider whether that evidence is controverted or conflicts with other evidence. *Bullock*, 509 S.W.3d at 925.

In considering whether a lesser offense is a valid, rational alternative to the charged offense, we compare the statutory requirements between the charged offense—here, tampering with physical evidence—and the lesser offense—here, attempted tampering with physical evidence—to determine whether evidence exists to support a conviction for attempted tampering with physical evidence but not tampering with physical evidence. *See id.* (comparing charged offense of theft against lesser offense of attempted theft); *see also Smith v. State*, 881 S.W.2d 727, 734 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (comparing charged offense of murder against lesser offense of attempted murder). As charged in the

4

indictment, a person commits the offense of tampering with physical evidence if either, (1) knowing that an investigation was pending or in progress, a person alters, destroys, or conceals a syringe, with intent to impair its verity, legibility, or availability as evidence in the investigation; or (2) knowing that an offense had been committed, a person alters, destroys, or conceals a syringe, with intent to impair its verity, legibility, or availability as evidence in any subsequent investigation or official proceeding related to the offense. *See* Tex. Penal Code § 37.09(a), (d-1). Criminal attempt occurs when a person, with specific intent to commit an offense, does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. *Id*. § 15.01(a); *Bullock*, 509 S.W.3d at 925. Thus, to find appellant guilty *only* of attempted tampering with physical evidence, a jury would be required to determine that appellant, (1) knowing that an investigation was pending or in progress, or that an offense had been committed, (2) with intent to impair the syringe's verity, legibility, or availability as evidence in the investigation, subsequent investigation, or official proceeding related to the offense, (3) did an act amounting to more than mere preparation, but failed to alter, destroy, or conceal the syringe by all means alleged. Could a jury reasonably have acquitted appellant of tampering with the syringe by all means alleged, but convicted appellant only of attempting to alter, destroy, or conceal the syringe?

Answering this question requires us to examine whether some evidence refutes or negates other evidence establishing the greater offense, or whether the evidence presented is subject to different interpretations, as to all means alleged in the indictment. *See Sweed*, 351 S.W.3d at 68; *Saunders*, 840 S.W.2d at 392. If the evidence allows of only one reasonable conclusion that appellant completed the offense of tampering with the syringe by at least one of the means alleged—

5

altering, destroying, or concealing—then a jury rationally could not find him guilty only of attempted tampering with physical evidence. In that instance, appellant would not be entitled to an instruction on the lesser-included offense of attempted tampering with physical evidence.

The State attempted to prove appellant tampered with physical evidence by three means: (1) appellant altered or destroyed the syringe by breaking the needle from the barrel; (2) appellant concealed the syringe by hiding it in his right hand or under the driver's seat, though Trooper Kral ultimately discovered that appellant was holding the syringe; and (3) appellant altered the syringe by changing its physical location. In the trial court, both sides argued for or against all three theories in the context of appellant's directed verdict motion, the charge conference, and closing argument. On appeal, however, appellant challenges only the first two of the State's theories.[2]

Ordinarily, if even one independent ground fully supports the complained-of ruling and an appellant does not assign error to it, we accept the validity of that unchallenged independent ground and need not address the challenged grounds. *See Marsh v. State*, 343 S.W.3d 475, 479 (Tex. App.—Texarkana 2011, pet. ref'd) (applying principle to evidentiary ruling).[3] In this case, however, I conclude that

---

[2] Appellant's brief does not address why the State's theory of altering-by-moving-evidence could not support the trial court's decision to refuse the lesser-included offense instruction. And appellant filed no reply brief after the State in its brief specifically asked us to affirm the judgment because appellant had not disputed that he altered the syringe by changing its location.

[3] *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980) (defendant must challenge each ground on which the trial court relies on to rule against the defendant because one sufficient ground supports trial court's order). In non-precedential dispositions, courts have applied the same rule in other contexts. *State v. Hoskins*, No. 05-13-00416-CR, 2014 WL 4090129, at *2 (Tex. App.—Dallas Aug. 19, 2014, no pet.) (not designated for publication) (applying principle to issue regarding motion for new trial); *see also Johnson v. State*, Nos. 03-15-00695-CR, 03-15-00696-CR, 2017 WL 1404334, at *4 (Tex. App.—Austin

6

the trial court's ruling is supported under the State's first theory and that appellant was not entitled to a lesser-included offense instruction. That determination is dispositive of appellant's second issue.

Under its first theory, the State attempted to prove tampering with physical evidence by showing that appellant altered or destroyed the syringe by breaking it. For appellant to be entitled to the requested instruction on the lesser-included offense, there must be at least a scintilla of affirmative evidence from which a jury rationally could find that (1) appellant did *not* complete the charged offense, that is, he did not alter or destroy the syringe by breaking it, and (2) appellant is guilty only of an attempt to do so.

Trooper Kral testified that after he realized appellant was holding a syringe in his right hand, he saw appellant "basically grab[] [the syringe] like this and with his thumb he was actively trying to break it" and shove it under the seat.[4] Trooper Kral then verbally commanded appellant to drop the syringe and move away from the truck. Appellant did not comply after numerous commands. As appellant continued his efforts to break the syringe and shove it under the seat, Trooper Kral grabbed appellant by the shoulder and forcibly removed him from the truck. Appellant landed on the ground, and Trooper Kral saw that appellant still held the syringe and was "trying to throw it off to the side." The syringe landed about two feet away. Trooper Kral recovered the syringe and saw that the needle was broken. After describing these events, Trooper Kral testified that appellant altered the syringe by breaking it. As Trooper Kral explained, "I can tell you he was actively trying to break it because that's what happened to the syringe itself." Trooper Kral

Apr. 12, 2017, no pet.) (mem. op., not designated for publication) (applying principle to issue regarding motion to suppress).

[4] Trooper Kral explained more specifically that appellant's thumb was "touching the needle side" of the syringe.

also testified that appellant "was successful in breaking" the needle.[5]   After appellant was arrested, he acknowledged during his recorded statement that he was trying to "break the syringe" or "get rid of it."

Appellant makes three arguments in support of his point that some evidence exists to permit a rational jury to find that he did not break the syringe but only attempted to do so.  First, appellant posits that the syringe might not have been intact before Trooper Kral arrived on the scene.  The only trial testimony on this point was Trooper Kral's statements that he had no knowledge of the syringe's condition prior to seeing it in appellant's hand, and that he could not see the syringe's "full condition" while appellant held it.  But that is not affirmative evidence that the syringe was not intact before the encounter.  *See Cavazos*, 382 S.W.3d at 385.  Neither appellant nor any other witness testified that the syringe was broken before Trooper Kral first arrived, and no circumstantial evidence reasonably suggests it was not intact at that time.  Further, no evidence refutes or negates Trooper Kral's testimony describing appellant's efforts to break the syringe.  Nor does any evidence negate appellant's admission that he was trying to break the syringe during the encounter.  Appellant simply could not have placed his thumb on the needle as described by Trooper Kral if the needle in fact was not attached.  Moreover, appellant's actions to break the syringe, his "desperate" demeanor, and the traces of methamphetamine recovered from the syringe, all give rise to a reasonable inference that appellant had recently used the syringe to inject methamphetamine.  He could not have used the syringe for that purpose if the needle was not attached.  And even assuming the syringe was broken before Trooper Kral initiated contact, the only reasonable inference from the evidence is that the syringe was broken by appellant and no one else.

---

[5] During his testimony, Trooper Kral sometimes referred to the "syringe" and the "needle" interchangeably.

Second, appellant observes that Trooper Kral neither stated in his offense report that appellant broke the syringe, nor photographed or recovered the needle. However, the court admitted the syringe into evidence and the needle was broken. That Trooper Kral did not recover the needle is not evidence that appellant did not break the needle. *See Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003) (failure to locate knife does not mean knife was not used in the offense), *abrogated on other grounds by Grey v. State*, 298 S.W.3d 644 (Tex. Crim. App. 2011). Likewise, that Trooper Kral's report does not state that appellant broke the needle is also insufficient. In cross-examining Trooper Kral based on his report, appellant's counsel clearly intended to discredit Trooper Kral's testimony that appellant broke the needle by establishing that Trooper Kral did not expressly state that fact in the report. But this was an effort to convince the jury merely to disbelieve Trooper Kral, and it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense. *Bullock*, 509 S.W.3d at 925; *Sweed*, 351 S.W.3d at 68. If the report said that appellant did *not* break the needle, then I would agree that a scintilla of affirmative evidence is present supporting the lesser-included offense.

Third, appellant argues that it is possible the jury could have determined that the force of appellant being thrown from his vehicle "could have caused the needle to break off from the syringe." According to appellant, Trooper Kral "conceded that it was possible that the act of forcibly throwing Mr. Ransier to the ground could have caused a needle to detach from the syringe." To the contrary, Trooper Kral did not concede that fact; appellant's counsel suggested the possibility by his question and Trooper Kral said he could not determine whether it was possible. We credit evidence from any source, *Sweed*, 351 S.W.3d at 69, but attorney questions are not evidence. *See Madden v. State*, 242 S.W.3d 504, 513-14 & n.23

(Tex. Crim. App. 2007) (recognizing that the questions posed by the attorney are not evidence); *Haley v. State*, 396 S.W.3d 756, 767 (Tex. App.—Houston [14th Dist.] 2013, no pet.). There exists no affirmative evidence from which a jury rationally could find that Trooper Kral's actions, as opposed to appellant's actions, broke the syringe.

Given the totality of the record, I see no evidence from which a jury rationally could find that appellant is not guilty of tampering with physical evidence by breaking the syringe and thus altering or destroying it as charged, but is guilty only of an attempt to do so.[6] Appellant's contrary arguments are grounded on speculation, not on evidence or reasonable inferences from the evidence. *See Cavazos*, 382 S.W.3d at 385 (meeting second step requires "more than mere speculation—it requires affirmative evidence that both raises the lesser-included offense and rebuts or negates an element of the greater offense."). To show he was entitled to an instruction on attempted tampering, at least a scintilla of affirmative evidence must have permitted the jury to rationally determine that appellant was guilty of committing only an attempt to break the syringe. *See id.* The only way a jury rationally could find that the needle broke for reasons other than appellant's intentional efforts is if the jury rejected Trooper Kral's testimony, which is tantamount to merely "disbeliev[ing] crucial evidence pertaining to the greater offense." *Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994). Similarly, the evidence is not susceptible to different interpretations on whether appellant merely attempted but failed to break the syringe. Other than speculation,

---

[6] Appellant also contends that the syringe was not "destroyed" because it retained evidentiary value, as reflected by the undisputed fact that the state recovered methamphetamine from the broken syringe. I disagree with appellant on this point. In my view, the syringe was destroyed because it was "rendered useless" as a syringe. *See Rabb v. State*, 434 S.W.3d 613, 616 (Tex. Crim. App. 2014) (physical evidence is "destroyed" when "ruined or rendered useless," even if it retains evidentiary value); *Williams v. State*, 270 S.W.3d 140, 146-47 (Tex. Crim. App. 2008).

there is no evidence directly germane to the lesser offense and from which a jury rationally could find that the needle broke by means other than as a result of appellant's intentional efforts to break it.

Accordingly, I conclude there exists no evidence that appellant, if guilty, is guilty only of attempting to alter or destroy the syringe. Therefore, the trial court did not err in refusing appellant's request for a jury instruction on the lesser-included offense of attempted tampering with physical evidence. *See Smith*, 881 S.W.2d at 734 (court did not err in refusing instruction on attempted murder).

For these reasons, I would overrule appellant's second issue. As a result of my conclusion, I do not address appellant's remaining arguments under his second issue.


/s/    Kevin Jewell
Justice


Panel consists of Justices Jewell, Zimmerer, and Spain. (Spain, J., majority).

Publish — Tex. R. App. P. 47.2(b).

11