**Affirm; Opinion Filed February 8, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-00372-CR**

**CARROLL GENE HENDERSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 59th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 069214**

## MEMORANDUM OPINION

Before Chief Justice Burns,[1] Justice Pedersen, III, and Justice Goldstein[2]
Opinion by Justice Pedersen, III

Appellant Carroll Gene Henderson pled not guilty to the offenses of aggravated sexual assault of a child and indecency with a child. After a jury convicted him as charged, the trial court assessed punishment of imprisonment for ninety-nine years on the first count of aggravated sexual assault of a child and imprisonment for twenty years on the second count of indecency with a child.

---

[1] The Honorable Chief Justice Robert D. Burns, III participates on this panel in place of the Honorable David Bridges, a member of the original panel. Chief Justice Burns has reviewed the briefs and the record before the Court.

[2] The Honorable Justice Bonnie Lee Goldstein succeeded the Honorable David Evans, a member of the original panel. Justice Goldstein has reviewed the briefs and the record before the Court.

Both of appellant's issues on appeal pertain to his conviction for aggravated sexual assault of a child. He complains that the trial court erred when it refused to charge the jury on the lesser included offense of indecency with a child. He also contends that the trial court designated the wrong person as an outcry witness. We affirm.

## I. BACKGROUND

Appellant was indicted on two counts. The first count—aggravated sexual assault of a child—charged that he penetrated the sexual organ of six-year-old E.S.S. with his finger. The second count—indecency with a child—charged that he engaged in sexual contact with seven-year-old D.N.D. by touching the child's anus. Because both appellate issues pertain to appellant's conviction for aggravated sexual assault of a child, we limit our discussion of the facts and the evidence accordingly.

Before trial, the trial court conducted an outcry witness hearing pursuant to article 38.072 of the Texas Code of Criminal Procedure. With respect to E.S.S., the State offered two outcry witnesses. The first outcry witness was Taylor Holcomb, E.S.S.'s mother. She stated that she was the first person E.S.S. told that appellant put his hand in her panties and used his hand to squeeze her vagina hard. The second outcry witness was Brittany Martin Barker, Executive Director for the Grayson County Children's Advocacy Center. Barker conducted the forensic interview of E.S.S. She testified that E.S.S. told her that appellant stuck his hand "in there" and pointed to her vagina. Upon ascertaining that the outcries to Holcomb and Barker

pertained to the same event, the trial court concluded that the State could designate only one outcry witness with respect to that event. The State requested that Barker be designated as E.S.S.'s outcry witness regarding penetration. The trial court designated Barker as the outcry witness over appellant's objection.

At trial, Brandon Hughes, a Corporal with the Sherman Police Department, testified that at the time of the alleged offense, he was working in the Family Services Division investigating sex crimes and crimes against children. He was assigned to investigate allegations of possible sexual assault against two children. When he arrived at the apartment, he spoke to the mothers of both alleged victims and was told what the children claimed had happened. He also learned there had been two men in the apartment with the children—one was the father of D.N.D. and the other was appellant. He arranged for the children to go to the Children's Advocacy Center for forensic interviews. Based on statements made by E.S.S. during her forensic interview, Hughes then arranged for her to have a SANE[3] examination. He also sent swabs and clothing to be tested at the Texas Department of Public Safety crime laboratory in Garland, Texas.

Hughes also interviewed appellant. Hughes testified that during this interview, appellant admitted penetrating E.S.S.'s vagina with his finger. The jury watched the video of appellant's police interview which included this admission. Hughes

---

[3] A SANE examination, conducted by a certified sexual assault nurse examiner, includes obtaining a history and conducting a head-to-toe medical examination.

–3–

testified that as part of his investigation, he learned of allegations that appellant had abused other children when he lived in Tennessee.

Holcomb testified at trial. She explained that at the time of the alleged offense, she and her fiancé Gary shared an apartment with Jerrell Daw, the father of D.N.D., and three children. She stated that appellant had been a close family friend for almost ten years. She saw appellant every day and at times, he stayed overnight at their apartment. She stated that it was not unusual for her to leave E.S.S. with appellant, as she did on the night in question. While she was out, she received a telephone call from E.S.S. that made her feel that something was not right. As a result, she immediately returned home. Upon arrival, she went into the bedroom to use the attached bathroom. She saw appellant lying on the bed with E.S.S. sitting on top of him, straddling him. Appellant was pushing E.S.S. against himself and was rubbing against her. Holcomb asked what was going on and told E.S.S. to come into the bathroom with her. After questioning E.S.S., Holcomb told appellant to get out of their apartment and she called the police.

Barker described the forensic interview process to the jury. E.S.S. was six years old at the time she was interviewed. Barker described E.S.S. as timid and quiet but after a few minutes, she was able to answer Barker's questions in an age-appropriate way. Barker confirmed that E.S.S. referred to the appellant by name and stated that he stuck his hand "in there," while pointing to her vagina. Barker testified

–4–

that based on E.S.S.'s statement, she and Corporal Hughes determined it necessary to refer E.S.S. for a SANE examination.

E.S.S. testified at trial. She said that she remembered a time when appellant got in trouble. She described the places that people are not supposed to touch. She calls the front part her "castle" and the back part her "butt." When asked if there was ever a time that appellant touched her in any of those places, she said yes. But when asked if she had a memory of that, she said no.

Julia Griffin testified that she is a registered nurse and a certified adult and pediatric sexual assault nurse examiner. She conducted the SANE examination of E.S.S. During the history portion of the exam, she asked E.S.S. what happened. She read from her report that E.S.S. said that her "castle" was hurting, that she woke up with someone touching her "castle," and she thought appellant was pushing on her "castle" really hard. E.S.S. said that she thought appellant rolled over like he was asleep and pinched it with his hands. She also told Griffin, "I think he put his finger in, that's why it hurts." During the physical exam, Griffin did not note any trauma. She found mild redness of the labia majora. She said that E.S.S. complained of pain at the female sex organ and had tenderness at the vaginal opening. Griffin sent swabs to the lab. On cross-examination, Griffin agreed that there was no way to know what caused the redness.

Chelsea Wingate testified that she is a forensic scientist and works for the DNA Section of the Texas Department of Public Safety crime lab in Garland, Texas.

Wingate explained that the DPS crime lab received a sexual assault kit in this case that included buccal swabs from the victim, vaginal and anal swabs from the victim, and the victim's clothing. The lab also received buccal swabs from appellant. She tested E.S.S.'s vaginal and anal swabs. With respect to the vaginal swab, the detection of male DNA was inconclusive. Male DNA was present on the anal swab.

Jimmy Ferrer testified that he is a licensed forensic scientist in the DNA discipline at the Texas Department of Public Safety. He was given three items of E.S.S.'s clothing to test—her t-shirt, her shorts, and her underpants. He described the testing process whereby he first used an alternative light source to scan for stains. Any stains are then tested with an acid phosphatase solution which turns purple in the presumptive presence of semen. In this case, a stain was found on the t-shirt, a sample was tested, and Ferrer confirmed the presence of semen. In scanning the child's shorts, he found two different stains that may have been semen; however, he did not extract samples to confirm that the stains were semen because he had already confirmed the presence of semen on the t-shirt. His testing did not indicate the presence of semen on the underwear.

Lauren Jones, Senior Forensic DNA Analyst at the University of North Texas Health Science Center, testified that UNT has a contract with the Garland DPS lab to work on DNA samples from backlogged sexual assault kits. She explained that once Garland DPS has determined there is male DNA or sperm on items, those items are sent to her to compare to the DNA sample from the defendant. In this case, she

received anal swabs and a cutting from a t-shirt. Her testing of the anal swab revealed a partial Y-STR profile consistent with either appellant or a male patrilineal relative of appellant. Jones further testified that the data indicated with a high degree of confidence that appellant was the source of the major contributor DNA in the sperm found on the cutting of E.S.S.'s t-shirt.

The jury convicted appellant as charged, and the trial court assessed punishment. Appellant filed this appeal with respect to his conviction for aggravated sexual assault of a child.

## II.  ANALYSIS

### A.  Lesser Included Offense

In his first issue, appellant complains about the jury charge pertaining to the first count of aggravated sexual assault of a child. He argues that the trial court's refusal to charge the jury with the lesser included offense of indecency with a child was jury charge error. Review of alleged jury charge error is a two-step process. The reviewing court must first decide whether error exists and if so, must then determine whether the accused was harmed by the error. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If no error exists, the review ends there and no harm analysis is necessary. *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003). Here, the analysis ends with the first prong.

The two-step test for determining whether a trial court is required to give a requested instruction on a lesser included offense is well established. *Bullock v.*

*State*, 509 S.W.3d 921, 924 (Tex. Crim. App. 2016); *Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App 2007). We first determine if the requested instruction pertains to an offense that is a lesser included offense of the charged offense. *Bullock*, 509 S.W.3d at 924. This is a question of law and does not depend on the evidence produced at trial. *State v. Meru*, 414 S.W.3d 159, 162 (Tex. Crim. App. 2013). An offense is a lesser included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX. CODE CRIM. PROC. ANN. art. 37.09(1); *see Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011). In this case, the first step is satisfied because "indecency with a child is a lesser-included offense of aggravated sexual assault of a child when both offenses are predicated on the same act." *Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009); *see Martinez v. State*, 524 S.W.3d 344, 347 (Tex. App.—San Antonio 2017, pet. ref'd) ("Indecency with a child by touching the child's genitals can be a lesser-included offense of aggravated sexual assault of a child by penetrating the child's sexual organ if the same act is used to prove both the touching and the penetration.").

In the second step of the analysis, we determine if there is evidence in the record that supports giving the instruction to the jury. *Bullock*, 509 S.W.3d at 924–25. A defendant is entitled to an instruction on a lesser included offense when there is some evidence in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser included offense. *Id.* at 925 (citing

–8–

*Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011)). "The evidence must establish that the lesser-included offense is a valid rational alternative to the charged offense." *Id*. The second step is a fact question and is based on all of the evidence presented at trial. *Cavazos v. State*, 382 S.W.3d 377, 383 (Tex. Crim. App. 2012).

A defendant is entitled to the instruction on anything more than a scintilla of evidence, but "it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather there must be some evidence directly germane to the lesser included offense for the finder of fact to consider before an instruction on the lesser included offense is warranted." *Bullock*, 509 S.W.3d at 925. When reviewing the trial court's ruling, we cannot consider the credibility of the evidence and whether it conflicts with other evidence or is controverted. *Id*. Accordingly, "the standard may be satisfied if some evidence refutes or negates other evidence establishing the greater offense or if the evidence presented is subject to different interpretations." *Id*. (quoting *Sweed*, 351 S.W.3d at 68).

In considering whether a lesser offense is a valid, rational alternative to the charged offense, we compare the statutory requirements between the greater offense—here, aggravated sexual assault of a child—and the lesser offense—here, indecency with a child by contact—to determine whether evidence exists to support a conviction for indecency with a child by contact but not aggravated sexual assault of a child. A person commits aggravated sexual assault of a child when that person causes the penetration of the sexual organ of a child by any means. TEX. PENAL CODE

ANN. § 22.021(a)(1)(B)(i). A person guilty of indecency with a child by contact when that person engages in sexual contact with a child who is younger than 17 years of age. *Id*. § 21.11(a)(1). Sexual contact is defined as the touching by a person, including through the clothing, of the breast, anus, or genitals of a child, with the intent to arouse or gratify the sexual desire of any person. *Id*. § 21.11(c)(1).

In his brief, appellant argues that although E.S.S. testified at trial, she could not recall the events of the date in question. He argues that although Barker testified that E.S.S. told her that appellant put his hands "in there" and pointed to her vagina, Barker did not clarify whether E.S.S. was referring to penetration of her vagina or merely to appellant putting his hands in her pants. Appellant acknowledged the SANE nurse's testimony that E.S.S. told her that she thought appellant put his finger in her castle and that is why it hurt, but he argues that no statements were definitive as to what occurred. In his police interview, appellant admitted to Corporal Hughes that he penetrated E.S.S.'s vagina with his finger. However, on appeal, appellant argues that his admission was not corroborated by physical evidence. He argues that a rational jury could have concluded from this circumstantial evidence that he touched E.S.S.'s genitals with the intent to arouse or gratify his sexual desires but did not penetrate her vagina.

At trial, the defense did not refer the trial court to any evidence that would permit a jury to rationally find that the defendant was guilty only of the lesser included offense of indecency because genital touching, but not penetration, had

occurred. *See Bullock*, 509 S.W.3d at 925. He questioned the sufficiency of the evidence pertaining to the greater offense, but he did not point to any evidence that refuted or negated other evidence establishing the greater offense. On the record before us, we conclude that the trial court did not err by refusing to charge the jury on the lesser included offense because it was not supported by the evidence and did not constitute "a valid rational alternative to the charged offense." *Id*. We overrule appellant's first issue.

## B. Outcry Witness Testimony

In his second issue, appellant contends that the trial court designated the wrong outcry witness for E.S.S. We review a trial court's admission of testimony from an outcry witness under an abuse of discretion standard. *See Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990); *Gibson v. State*, 595 S.W.3d 321, 325 (Tex. App.—Austin 2020, no pet.). A court has "broad discretion" in determining who qualifies as a proper outcry witness, and we will uphold the trial court's ruling if it is reasonably supported by the record and within the zone of reasonable disagreement. *See Garcia*, 792 S.W.2d at 92; *Tear v. State*, 74 S.W.3d 555, 558 (Tex. App.—Dallas 2002, pet. ref'd).

At the hearing on the admissibility of outcry testimony, the State argued that both Holcomb, E.S.S.'s mother, and Barker, the forensic interviewer, qualified as outcry witnesses. The State explained that the child made an outcry to Holcomb of touching but not penetration. The child made an outcry of penetration to Barker. The

defense objected, arguing that Holcomb was the proper outcry witness because she was the first person to whom E.S.S. described an offense in a discernible manner. The defense argued that Barker was not the proper outcry witness because E.S.S. simply told Barker more details or told Barker what happened in a different way.

After ascertaining that E.S.S.'s outcry to Holcomb and her outcry to Barker concerned the same event, the trial court determined that it was not proper to have both of the witnesses testify as outcry witnesses. The court further concluded that Barker would be the outcry witness at trial because in her outcry to Barker, E.S.S. described in some discernable manner the offense that was actually charged in count one. On appeal, appellant argues that the trial court erred in designating Barker, and not Holcomb, as E.S.S.'s outcry witness.

Generally, hearsay is not admissible except as provided by the rules of evidence or by statute. *See* TEX. R. EVID. 802. However, article 38.072 of the Texas Code of Criminal Procedure allows admission of certain hearsay testimony in the prosecution of offenses committed against children younger than fourteen years of age. CRIM. PROC. art. 38.072; *see Buentello v. State*, 512 S.W.3d 508, 517 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd). The statute allows the designation of an outcry witness to testify about a child's disclosure of abuse but requires that the outcry witness be the "first person, 18 years of age or older, other than the defendant, to whom the child . . . made a statement about the offense." CRIM. PROC. art. 38.072 § 2(a)(3); *see Bays v. State*, 396 S.W.3d 580, 581 n.1 (Tex. Crim. App. 2013). The

outcry witness "may recite the child's out-of-court statements concerning the offense, and that testimony is substantive evidence of the crime." *Martinez v. State*, 178 S.W.3d 806, 811 (Tex. Crim. App. 2005).

"To be a proper outcry statement, the child's statement to the witness must describe the alleged offense in some discernible manner and must be more than a general allusion to sexual abuse." *Sims v. State*, 12 S.W.3d 499, 500 (Tex. App.—Dallas, pet ref'd) (citing *Garcia*, 792 S.W.2d at 91). The outcry witness designation is event-specific, not person-specific. *Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011). Thus, "[t]here may be only one outcry witness per event." *Id*.

In this case, appellant was indicted for the specific offense of aggravated sexual assault of a child by causing the penetration of the child's sexual organ with his finger or hand. *See* PENAL § 22.021(a)(1)(B)(i). There was no evidence that E.S.S. told her mother that appellant put his finger in her vagina. Holcomb only recounted E.S.S.'s statement that appellant put his hand in her panties and pinched her vagina hard. The State's second outcry witness, the forensic interviewer, testified that E.S.S. told her that appellant put his hand "in there" and pointed to her vagina. Although E.S.S.'s statement to Barker was not lengthy or overly-detailed, it contained sufficient information about the nature of the act and the perpetrator. The trial court reasoned that Barker was the first adult that E.S.S. told what happened in a discernible manner that described the alleged offense of penetration. We conclude that the trial court acted within its broad discretion in overruling appellant's

objection to Barker's being designated as the outcry witness. *See Buentello*, 512 S.W.3d at 517. We overrule appellant's second issue.

## III.  CONCLUSION

Having overruled appellant's issues, we affirm the trial court's judgment.


190372f.u05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE


Do Not Publish
TEX. R. APP. P. 47



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CARROLL GENE HENDERSON, Appellant

No. 05-19-00372-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 59th Judicial District Court, Grayson County, Texas
Trial Court Cause No. 069214. Opinion delivered by Justice Pedersen, III. Chief Justice Burns and Justice Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 8th day of February, 2021.